2025 IL App (4th) 240424-U

NOS. 4-24-0424, 4-24-0425, 4-24-0426 cons.

NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 9, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Ogle County |
| BRYCE A. THOMASSON, | ) | Nos. 21CF46 |
| Defendant-Appellant. | ) | 22CF81 |
| | ) | 22CF105 |
| | ) | |
| | ) | Honorable |
| | ) | John B. Roe IV, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices DeArmond and Grischow concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed, finding the trial court did not abuse its discretion by denying defendant's motion to withdraw his guilty plea.

¶ 2    In May 2023, defendant, Bryce A. Thomasson, entered a fully negotiated guilty plea to one count of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2018)), aggravated assault of a correctional institution employee (720 ILCS 5/12-2(b)(5) (West 2022)), and resisting a correctional institution employee with injury (*id.* § 31-1(a-7)). The trial court sentenced defendant to 12 years in prison. Thereafter, defendant filed a motion to withdraw his guilty plea, which the court denied.

¶ 3    Defendant appeals, arguing the trial court abused its discretion by denying his motion to withdraw his guilty plea because he had a meritorious defense and the ends of justice

would be better served by submitting the case to trial. For the following reasons, we affirm.

¶ 4                                              I. BACKGROUND

¶ 5            This appeal involves three separate cases consolidated for appeal. In February 2021, the State charged defendant by information with two counts of predatory criminal sexual assault of a child, a Class X felony (720 ILCS 5/11-1.40(a)(1), (b)(1) (West 2018)), in Ogle County case No. 21-CF-46. The State alleged defendant knowingly committed an act of sexual penetration with the victim, M.K., where defendant placed his penis in the mouth of M.K. on two occasions during the period of August 1, 2019, to April 20, 2020.

¶ 6            In October 2021, the State filed a motion to allow the recorded statements of M.K. pursuant to section 115-10 of the Code of Criminal Procedure of 1963 (725 ILCS 5/115-10 (West 2020)). In December 2021, the trial court held a hearing on the motion. The State called Melissa Folkers, who testified she was employed by Shining Star from March 2019 to October 2021. In January 2021, Folkers conducted a recorded forensic interview with M.K. During the interview, M.K. disclosed allegations of sexual abuse perpetrated by defendant. Following testimony, the court continued the hearing so it could review the entire recorded interview *in camera*. At a January 2022 hearing, the court ruled M.K.'s recorded statements were admissible, but only if M.K. testified at trial.

¶ 7            In April 2022, the State charged defendant by information with aggravated battery of a correctional institution employee, a Class 2 felony (720 ILCS 5/12-3.05(d)(4), (h) (West 2022)), and aggravated assault of a correctional institution employee, a Class 4 felony (*id.* § 12-2(b)(5), (d)), in Ogle County case No. 22-CF-81. In May 2022, the State charged defendant by information with aggravated battery of a correctional institution employee, a Class 2 felony (*id.*

§ 12-3.05(d)(4), (h)), and resisting a correctional institution employee with injury, a Class 4 felony (*id.* § 31-1(a-7)), in Ogle County case No. 22-CF-105.

¶ 8 In July 2022, the State filed five motions *in limine* in case No. 21-CF-46. Relevant here, the first motion sought to exclude evidence of an investigation into M.K.'s prior sexual conduct with another minor. See 725 ILCS 5/115-7 (West 2022). In October 2022, the trial court granted the motion.

¶ 9 In March 2023, defendant filed a motion to reconsider the trial court's rulings regarding M.K.'s recorded statements and prior sexual conduct. In his supporting brief, defendant argued the court's rulings prevented him from cross-examining M.K. on matters relating to a possible motive to falsely testify. Defendant further argued the cumulative effect of the court's rulings deprived him of due process. In April 2023, the court denied the motion.

¶ 10 In May 2023, defendant pleaded guilty to one count of predatory criminal sexual assault of a child in case No. 21-CF-46, aggravated assault of a correctional institution employee in case No. 22-CF-81, and resisting a correctional institution employee with injury in case No. 22-CF-105. In exchange, the State dismissed the remaining counts in each case. Consistent with the negotiated plea agreement, the trial court sentenced defendant to a total of 12 years in prison.

¶ 11 In October 2023, defense counsel filed an amended motion to withdraw the guilty plea. The motion alleged the cumulative effect of the pretrial motions led defendant to believe he was being deprived of a fair trial, which compelled him to plead guilty.

¶ 12 In January 2024, the trial court held a hearing on defendant's motion. Defendant testified he felt compelled to plead guilty because the court erroneously ruled on his motion to reconsider and the State's motions regarding M.K.'s recorded statements and prior sexual conduct. He stated the excluded evidence was necessary for his defense because M.K. made the

allegations against him during a separate investigation into M.K.'s sexual conduct with another minor. Defendant explained these rulings prevented him from presenting his defense, as he could not tell "the whole story of when the allegations came out." In February 2024, the court denied the motion.

¶ 13 Defendant appealed, and this court granted his motion to consolidate the appeals in Ogle County case Nos. 21-CF-46, 22-CF-81, and 22-CF-105. Case No. 21-CF-46 was docketed as appellate court case No. 4-24-0424, case No. 22-CF-81 was docketed as appellate court case No. 4-24-0425, and case No. 22-CF-105 was docketed as appellate court case No. 4-24-0426. This consolidated appeal follows.

¶ 14                                              II. ANALYSIS

¶ 15 On appeal, defendant argues he should be allowed to withdraw his guilty plea because he had a meritorious defense and the ends of justice would be better served by submitting the case to trial.

¶ 16 "A defendant has no absolute right to withdraw his guilty plea." *People v. Hughes*, 2012 IL 112817, ¶ 32. A defendant may not withdraw his guilty plea unless he can show "a manifest injustice under the facts involved." *People v. Burge*, 2021 IL 125642, ¶ 37. Withdrawal of a guilty plea is appropriate "where it was entered through a misapprehension of the facts or law or where there is doubt as to the guilt of the accused and justice would be better served by conducting a trial." *Id.* Whether to grant a motion to withdraw a guilty plea is left to the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *Hughes*, 2012 IL 112871, ¶ 32.

¶ 17 This court recently addressed whether having a "defense worthy of consideration" is a proper basis for permitting the withdrawal of a guilty plea. *People v. Nieto-Roman*, 2019 IL

- 4 -

App (4th) 180807, ¶ 33. In *Nieto-Roman*, we found this precise language was not included in recent case authority and had not been used by the supreme court since 1993. *Id.* Ultimately, we held "the supreme court no longer recognizes the defense worthy of consideration language as a separate basis for allowing a defendant to withdraw his guilty plea." *Id.* Since our holding in *Nieto-Roman*, the supreme court has issued another decision which also excluded the "defense worthy of consideration" language. See *Burge*, 2021 IL 125642, ¶ 37 ("A guilty plea may be withdrawn where it was entered through a misapprehension of the facts or law or where there is doubt as to the guilt of the accused and justice would be better served by conducting a trial."). Accordingly, we abide by our holding in *Nieto-Roman* and decline to grant relief on this ground.

¶ 18        Defendant contends another proper basis for allowing the withdrawal of a guilty plea is if "the ends of justice will be better served by submitting the case to trial." In 1952, our supreme court did include "where the ends of justice will be better served by submitting the case to a jury" as an independent basis for allowing a defendant to withdraw a guilty plea. *People v. Morreale*, 412 Ill. 528, 532 (1952). Specifically, the *Morreale* court stated:

> "Where it appears that the plea of guilty was entered on a misapprehension of the facts or of the law, or in consequence of misrepresentations by counsel or the State's Attorney or someone else in authority, or the case is one where there is doubt of the guilt of the accused, or where the accused has a defense worthy of consideration by a jury, or where the ends of justice will be better served by submitting the case to a jury, the court should permit the withdrawal of the plea of guilty and allow the accused to plead not guilty." *Id.* at 531-32.

However, since 1993, the supreme court has altered its formulation of the above-mentioned language. *People v. Pugh*, 157 Ill. 2d 1, 13-14 (1993), *as modified on denial of reh'g* (Nov. 29,

1993). As this court observed in *Nieto-Roman*, more recent supreme court cases have "combined the doubt of guilt basis with the justice basis." *Nieto-Roman*, 2019 IL App (4th) 180807, ¶ 33; see, *e.g.*, *Burge*, 2021 IL 125642, ¶ 37; *People v. Baez*, 241 Ill. 2d 44, 110 (2011); *People v. Pullen*, 192 Ill. 2d 36, 40 (2000). Thus, to properly present this issue on appeal, defendant needed to argue (1) there is doubt of his guilt *and* (2) the ends of justice will be better served by submitting the case to a jury. Because defendant has failed to develop any argument as to whether there is doubt of his guilt, he has forfeited his claim on this ground. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing.").

¶ 19 Even assuming, *arguendo*, defendant was permitted to withdraw his guilty plea, his defense theory would require successful relitigation of the State's motion *in limine* excluding evidence of the investigation into M.K.'s prior sexual conduct with another minor. There exists no presumptive right to relitigate a motion at trial. *People v. Mathis*, 55 Ill. App. 3d 680, 685-86 (1977). In his appellate brief, defendant repeats the same arguments he made in the trial court and presents no new evidence or other changed circumstances which would support a rehearing on the motion *in limine*. See *id.* at 686 (holding the denial of a hearing on a subsequent suppression motion is proper where the substance of the defendant's subsequent motion is the same as his prior suppression motion and he makes no offer of proof as to new evidence or exceptional circumstances). Accordingly, the court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea.

¶ 20                    III. CONCLUSION

¶ 21 For the reasons stated, we affirm the trial court's judgment.

¶ 22 Affirmed.